UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARRIET STEELE,<br><br>Plaintiff,<br><br>v.<br><br>PROSPECT INTERNATIONAL AIRPORT SERVICES, et al.,<br><br>Defendants. | CASE NO. C25-0798JLR<br><br>ORDER |

Before the court is the parties' stipulated motion for a 60-day continuance of their deadline to disclose expert testimony under Federal Rule of Civil Procedure 26(a)(2) and related discovery deadlines. (Stip. (Dkt. # 14).) The parties assert that there is good cause to grant their motion because Plaintiff Harriet Steele's healthcare providers only recently released medical records that the parties' experts must review before rendering opinions as to damages. (*Id*. at 2.) They further assert that a 60-day extension of these

deadlines will enable them to complete discovery and explore the possibility of settlement. (*Id.*)

The court issued its scheduling order on August 27, 2025. (*See* 8/27/25 Sch. Order (Dkt. # 13).) The current scheduling order sets the Rule 26 expert witness disclosure deadline on August 5, 2026; the discovery motions deadline on September 4, 2026; the discovery deadline on October 5, 2026; and the trial on February 16, 2027. (*Id.*) That order also provides that the case schedule may be modified "only upon good cause shown." (*Id.* at 2); *see also* Fed. R. Civ. P. 16(b)(4). "Good cause" focuses on the diligence of the party seeking to modify the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Thus, the party must demonstrate that it could not meet the deadline imposed by the scheduling order despite its diligence. *Id.* at 609. Failure to complete discovery within the time allowed, however, is not recognized as good cause. (8/27/25 Order at 2.)

Applying these principles, the discovery issues raised in the parties' motion do not constitute good cause. Even if the parties had shown good cause, the court cannot accommodate a 60-day extension. The court operates under a strict trial-setting calendar. Extending the discovery motions deadline to November 5, 2026, places that deadline too close to the February 16, 2027 trial date and risks leaving insufficient time for the court to hear and rule upon discovery disputes and for the parties to integrate that discovery into their dispositive motions, if any.

Nevertheless, the parties are not without options. The court will consider moving the parties' trial date to the end of its trial calendar. The parties should be aware that the

court is presently scheduling trials in spring 2028. If the court moves this matter to the end of its trial calendar, the court will also issue a new scheduling order with respect to all unexpired trial deadlines. If the parties wish to seek this form of relief, they should file a stipulated motion to that effect.

Therefore, the court DENIES the parties' stipulated motion for a 60-day continuance of the trial date and related deadlines (Dkt. # 14).

Dated this 10th day of August, 2026.

JAMES L. ROBART
United States District Judge